UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

LETITIA BIGGS,
JAMELLA WASHINGTON, and
JUDY WILSON,

                      Plaintiffs,

    vs.

METROPLUS HEALTH PLAN, INC.,
SIMRAN KAUR, and
JANE ROE,

                      Defendants.

------------------------------------------------------------------- X

Civil Case No. 22-10939

**VERIFIED COMPLAINT**

**JURY DEMAND**

       Plaintiffs, by their undersigned attorneys, as and for their Complaint, allege as follows:

## INTRODUCTION

    1.    This is a civil rights lawsuit addressed to the termination of Plaintiffs, all employees of MetroPlus Health Plan, Inc. ("MetroPlus"), a government-owned health care services and health insurance provider, who were terminated or threatened with termination from employment, all within the same week, after they were nominated to run for office in the Organization of Staff Analysts, a union representing hundreds of MetroPlus employees. In fact, the actions occurred within a week of the ballots being mailed, with advance notice, to the union's incumbents, who took no action. Plaintiffs allege that their union activities are protected free speech activities and that the terminations and threatened terminations were effectuated in order to deter and injure those activities.

## JURISDICTION

    2.    This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff Letitia Biggs is a U.S. citizen. At all relevant times she was an employee of MetroPlus, employed as a Care Coordinator, at its 50 Water Street location. She had previously been an employee of the NYC Health and Hospitals Corporation ("HHC"), which placed her into the MetroPlus position. At all relevant times she was represented for collective bargaining purposes by the Organization of Staff Analysts ("OSA"), of which she is also a member.

4. Plaintiff Jamella Washington is a U.S. citizen. At all relevant times she was an employee of MetroPlus, employed as a Care Manager, at its 50 Water Street location. At all relevant times she was represented for collective bargaining purposes by OSA, of which she is also a member.

5. Plaintiff Judith Wilson is a U.S. citizen. At all relevant times she was an employee of MetroPlus, employed as a Care Manager, at its 50 Water Street location. At all relevant times she was represented for collective bargaining purposes by OSA, of which she is also a member.

6. Defendant MetroPlus is a non-for-profit corporation, controlled for all purposes by HHC, which is a public benefit corporation which operates public hospitals and clinics in New York City. MetroPlus practices health care services and has a health insurance plan in New York which has about 700,000 participants. Its headquarters is at 50 Water Street, New York, New York 10004.

7. Defendant Simran Kaur is the Deputy Chief Human Resources Officer for MetroPlus. At all times Kaur acted under color of his authority as an employee of a government-controlled entity, but in abuse and excess of that authority. Kaur's office is located at 50 Water Street, New York, New York 10004.

8. Defendant Jane Doe is another MetroPlus official who acted under color of their authority as an employee of a government-controlled entity, but in abuse and excess of that authority. Their office is located at 50 Water Street, New York, New York 10004.

## STATEMENT OF FACTS

9. The OSA is a labor union which represents hundreds of employees at HHC, including a large unit of nursing managerial titles, including Assistant Director of Nursing, which was Plaintiff Biggs's title after she was hired in January 2016.

10. In December 2016, Biggs began to work with OSA to organize employees in a number of titles. She was unlawfully terminated in January 2018.

11. In February 2020, the NYC Board of Collective Bargaining determined, in Case No. BCB-4274-18, in a decision reported at 13 OCB 2d 2, that Plaintiff Biggs had been fired because of her efforts to organize a union. She was ordered reinstated with full back pay.

12. Rather than reinstate Plaintiff Biggs back to a permanent job at HHC, HHC had her placed into a job at MetroPlus as a Care Manager. Unbeknownst to Plaintiff Biggs, MetroPlus classified her a new employee with a new period of probation, with probation beginning in about December 2021.

13. In late October 2022, Plaintiff Biggs announced that she was running for the position of Chairperson of OSA (its functional President), and recruited Plaintiff Jamella Washington to run as Corresponding Secretary and Plaintiff Judy Wilson to be Delegate at Large. Washington had been a Care Manager at MetroPlus since November 8, 2021 and Wilson had been employed by MetroPlus as a Care Manager since 2018.

14. OSA had not had a contested officer election since 1984.

15. The Biggs Slate was formally nominated on November 17, 2022 and began to campaign heavily at MetroPlus, handing out fliers and sending out emails and text messages. On around November 24, 2022, Biggs got permission from the Human Resources Department to use a room for a lunchtime meeting with fellow MetroPlus employees.

16. Ballots for the OSA were scheduled to be mailed out on December 8, 2022.

17. On December 2, 2022, Plaintiff Wilson was advised that she was facing a series of disciplinary charges, which were to be heard, with a decision about a penalty, on December 9, 2022. The tone and length of the charges reflected an intention to terminate. (The hearing on the charges has been adjourned to January 2023.)

18. On December 5, 2022, Plaintiff Biggs was advised that she had been terminated. She was not given a reason or served with charges; she was told, despite her six years of employment, that she was considered a probationary employee, probably in violation of the OCB decision.

19. On December 9, 2022, Plaintiff Washington was terminated from employment. Because she was still a probationary employee, no charges or reasons were given and Plaintiff was given no opportunity to appeal.

20. Upon information and belief, these terminations were effectuated at the direction of Defendant Kaur.

21. The termination of three candidates on a slate challenging an entrenched union leadership in a seven-day span, just as ballots were being sent out, was not coincidental. MetroPlus and its parent corporation, HHC, had a longstanding animus towards Biggs because of her union activity, and firing three top leaders of an opposition slate—two without any reason being given—

4

was clearly intended to undermine their candidacies and, potentially, to disqualify them from running for office.

22. Plaintiffs' union activities occurring on the job, in a government owned and controlled non-profit corporation, are protected by the First Amendment to the United States Constitution. The retaliation against them by top-level management of MetroPlus reflects a policy of MetroPlus, and is retaliatory action taken by MetroPlus and Kaur to deter union activity at MetroPlus.

## AS AND FOR A CAUSE OF ACTION

23. By acting as aforedescribed, Defendants MetroPlus and Kaur have violated Plaintiffs' rights under the First Amendment, and have done so by exercise of governmental authority and under color of that authority.

## DAMAGES

24. Plaintiffs have suffered the following injuries:

    a. Loss of wages and attendant benefits.

    b. Emotional distress to their injury in a sum to be determined.

25. Defendants' actions described above were willful violations of Plaintiffs' rights, entitling Plaintiffs to an award of punitive damages in the sum of $5 million.

## JURY DEMAND

26. Plaintiffs demand a jury trial.

## **PRAYER FOR RELIEF**

Plaintiffs request that this Court enter:

1. A preliminary injunction reinstating Plaintiffs Biggs and Washington to their employment and prohibiting disciplinary action against Plaintiff Wilson.

2. Judgment against Defendants, jointly and severally, awarding:

   a. Back pay and the value of benefits lost;

   b. Damages for emotional distress;

   c. $5 million in punitive damages;

   d. Attorneys' fees and costs; and

   e. Such other and further relief as is just and proper.

Dated: New York, New York
       December 28, 2022

                                        ADVOCATES FOR JUSTICE,
                                        CHARTERED ATTORNEYS
                                        Attorneys for Plaintiffs

                                        By:        /s/ *Arthur Z. Schwartz*
                                                Arthur Z. Schwartz
                                        225 Broadway, Suite 1902
                                        New York, New York 10007
                                        (212) 285-1400
                                        aschwartz@afjlaw.com

## **VERIFICATION**

Arthur Schwartz, an attorney at law, declares that he has reviewed the Complaint herein, and affirms that the same is true to his knowledge information and belief. Your declarant's knowledge arises from his investigation of the facts stated herein, including review of Plaintiffs' communications with Defendant MetroPlus Health Plan, Inc., and the decisions of the NYC Board of Collective Bargaining.

Dated: New York, New York
December 28, 2022

/s/ *Arthur Z. Schwartz*
Arthur Schwartz