**MEMO ENDORSED**



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023
```

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY T. ELLIS**
*Assistant Corporation Counsel*
Labor and Employment Law Division
(212) 356-0839
zellis@law.nyc.gov

October 16, 2023

**Via CM/ECF**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 443
New York, New York 10007

      Re:    *Biggs,* et al. *v. MetroPlus Health Plan, Inc.*, et al.
             Case No. 1:22-CV-10939-VEC
             Law Dep't File No. 2023-000330

Dear Judge Caproni:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendants, MetroPlus Health Plan, Inc., and Simran Kaur (collectively, "Defendants"), in the above-referenced action. In accord with Your Honor's Individual Rules, I write to respectfully request that all discovery-related deadlines be stayed pending the Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint, which was filed on August 22, 2023, and has not yet been fully briefed. (*See* ECF No. 28.) Plaintiffs consent to the requested stay.

      Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). This Court has previously held that a stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks and citations omitted) (alterations in original); *see also Thrower v. Pozzi*, No. 99 CIV. 5871 (GBD), 2002 U.S. Dist. LEXIS 1035, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (explaining that district courts may "stay discovery when resolution of a preliminary matter may dispose of the entire case").

Here, Defendants have filed a potentially case-dispositive motion to dismiss, *see Tsinberg v. City of New York*, No. 20 Civ. 749 (PAE) (SLC), 2020 U.S. Dist. LEXIS 217002, *2–3 (S.D.N.Y. Nov. 19, 2020) ("The Court finds that there is good cause to stay discovery pending a ruling on the Motion for Dismiss because granting the Motion to Dismiss could dispose of the entire case (internal citation omitted)), and Defendants have a substantial basis in the law for the arguments raised therein.  Additionally, this case is still at a preliminary stage, and any discovery would likely be burdensome, involving three plaintiffs, each of whom is complaining about a different employment action.  The circumstances accordingly favor a stay.

For the reasons stated herein, Defendants respectfully request that their application for a stay be granted and that all discovery-related deadlines be stayed pending the resolution of their Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

/s/
Zachary T. Ellis
Assistant Corporation Counsel

cc:   Arthur Z. Schwartz (via ECF)
      Advocates for Justice
      *Counsel for Plaintiffs*
      225 Broadway, Suite 1902
      New York, New York 10007
      (212) 285-1400
      aschwartz@advocatesny.com

---

Application GRANTED.                                October 17, 2023

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE