**MEMO ENDORSED**

**advocates for justice**

chartered attorneys

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

Arthur Z. Schwartz
Principal Attorney

aschwartz@afjlaw.com

The Court has reviewed the parties' cross-motions to compel settlement. The deadline to file a motion to re-open this matter was January 10, 2025. *See* ECF No. 86. The parties' applications are were filed after that date, and are therefore DENIED. The Court notes that CPLR § 5003-A(b) requires payment to "any settling plaintiff" be made "within ninety [90] days." The Court also notes that Advocates for Justice, Chartered Attorneys is the correct firm name for Plaintiffs' counsel. The Clerk of Court is respectfully directed to terminate ECF. Nos. 87 and 89. SO ORDERED.

January 22, 2025

Dale E. Ho
United States District Judge
Dated: January 28, 2025
New York, New York

By ECF

Hon. Dale E. Ho
United States District Court
500 Pearl Street
New York, NY 10007

Re:    Biggs v. MetroPlusHealth Plan, et al.
       22 Civ. 10939 (DEH)
       Motion To Enter Order Reflecting the Terms of the Settlement

Dear Judge Ho.:

With respect to Defendants' last second "one page" response to our Motion to enter a settlement I want to address two issues.

The first is timing. We notified the Court of December 3, 2024 that we had settled. Corporation Counsel wanted to write the settlement agreement. The Court allowed until December 21. Corp Counsel asked for more time and finally sent a draft on January 10, 2025. We immediately, within 24 hours, responded with our objections (including taking another 90 days to make payment), about how the payment was described, and non-disparagement. We got to response until we filed our Motion with the Court on January 13, 2024. It took 8 days for the City to respond.

**With respect to time of payment.** When we settled at mediation there was no mention of 90 days. The CPLR does not say that payment shall be made "no sooner than 90 days." CPLR§ 5003-A(b) says: "When an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof, or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff **within ninety days** of tender, by the settling plaintiff to it, of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." Again, it says "within 90 days," and does not prohibit more expeditious payment. The City took 6 weeks to add 90 days to the deal. That time has been unreasonable. Payment within 30 days of the Court order is reasonable, and far more reflective of the agreement than what the language  is the agreement the City wants Plaintiffs to be compelled to sign.



Judge Ho
January 22, 2025
Page 2

. With respect to the payment language. We are not sure what possible liens has to do with this language. Here is what we sent to the Court with respect to Letitia Biggs; the other plaintiffs are similar.

> In full satisfaction of all claims that were or could have been raised by Plaintiff Letitia Biggs in this action, including claims for emotional distress damages, costs, expenses, and attorneys' fees, the City of New York ("City"), on behalf of MetroPlus, ***shall make a payment to Advocates for Justice, Chartered Attorneys, as Attorneys for Letitia Biggs***, in the single total gross sum of seventy-five thousand dollars ($75,000.00). Said payment shall be made within 30 days of this Agreement. The foregoing sum is in full satisfaction of any and all claims that Plaintiff Letitia Biggs could have alleged regarding her employment and separation of employment. The settlement check shall be made payable to "***Advocates for Justice, Chartered Attorneys, as Attorneys for Letitia Biggs***," and mailed to Advocates for Justice, Chartered Attorneys, 225 Broadway, Suite 1902, New York, New York 10007, c/o Arthur Z. Schwartz.

Here is what the City insists on:

> In full satisfaction of all claims that were or could have been raised by Plaintiff Letitia Biggs in this action, including claims for emotional-distress damages, costs, expenses, and attorneys' fees, the City of New York ("City"), on behalf of MetroPlus, ***shall pay Plaintiff Biggs the single total gross sum of seventy-five thousand dollars ($75,000.00).*** The foregoing sum is inclusive of any and all claims for costs, disbursements, and attorneys' fees, and is in full satisfaction of any and all claims that Plaintiff Letitia Biggs could have alleged regarding her employment and separation of employment. The settlement check shall be made payable to "***Advocates for Justice, as attorneys for Plaintiff Biggs***," and mailed to Advocates for Justice, 225 Broadway, Suite 1902, New York, New York 10007, c/o Arthur Z. Schwartz.

There is no discussion in this section about liens. The City is including attorneys fees in its payment, which is why the final document has to state that payment is to the Plaintiff and to my firm. This is not an accident case, it is a case with statutory attorneys fees, which are being compromised. Additionally, **the have the name of the wrong firm**. Advocates for Justice is an entirely different entity (it is a 501c3 legal foundation.)



Judge Ho
January 22, 2025
Page 3

 With respect to the non-disparagement clause, we agree that it raises First Amendment issues, so we resubmit an Order without it,

 Thank you for your consideration.

     Respectfully submitted,

     /s/ *Arthur Z. Schwartz*

     Arthur Z. Schwartz


cc: All Counsel of Record (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LETITIA BIGGS, JAMELLA WASHINGTON, and
JUDY WILSON,

                                   Plaintiffs,

              -against-

METROPLUS HEALTH PLAN, INC., SIMRAN KAUR,
and JANE ROE,

                                 Defendants.
-------------------------------------------------------------------- x

**ORDER**

Case No. 1:22-CV-10939-DEH

    **WHEREAS,** Plaintiffs Letitia Biggs, Jamella Washington, and Judy Wilson (collectively,

"Plaintiffs"), commenced the above-captioned action by filing a Complaint on December 28, 2022,

against Defendants, MetroPlus Health Plan, Inc., Simran Kaur, and Jane Roe,[1] in the United States

District Court for the Southern District of New York, which was docketed as *Biggs*, et al. *v.*

*MetroPlus Health Plan, Inc.*, et al., Civil Action No. 1:22-CV-10939, setting forth a cause of action

for violation of the First Amendment to the United States Constitution; and

    **WHEREAS,** all of Plaintiffs' claims against Simran Kaur were dismissed by a Stipulation

of Voluntary Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of

Civil Procedure; and

    **WHEREAS,** Defendant, MetroPlus Health Plan, Inc. ("Defendant"), has denied the truth

of Plaintiff's allegations and all liability arising out of Plaintiffs' allegations; and

---

[1]   Defendant Jane Roe is an unserved and unnamed "John Doe" defendant, and no appearance
has been entered on behalf of Defendant Roe in this case.

**WHEREAS,** no party is an infant or incompetent for whom a committee has been appointed and there is no person not a party to this proceeding who has any interest in the subject matter of this proceeding; and

**WHEREAS,** in conjunction with this Settlement Agreement, the parties are executing a Stipulation discontinuing and dismissing this action with prejudice; and

**WHEREAS,** Plaintiffs and Defendant now desire to resolve the issues raised in this action without further proceedings and without admitting any fault or liability, but have been unable to agree on the form of a settlement agreement; and

**WHEREAS**, it is in the interest of the parties to have the court reduce their agreement to an Order; it is hereby

**ORDERED** as follows:

1.      The above-captioned action is settled and is hereby withdrawn, discontinued, and dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraphs "2," "3," and "4" below. A Stipulation of Voluntary Dismissal with Prejudice, in the form annexed hereto as Exhibit "A," shall be executed by Plaintiffs and Defendant and filed with the Court by Defendant's counsel without further notice or process.

2.      In full satisfaction of all claims that were or could have been raised by Plaintiff Letitia Biggs in this action, including claims for emotional distress damages, costs, expenses, and attorneys' fees, the City of New York ("City"), on behalf of MetroPlus, shall make a payment to Advocates for Justice, Chartered Attorneys, as Attorneys for Letitia Biggs, in the single total gross sum of seventy-five thousand dollars ($75,000.00). Said payment shall be made within 30 days of this Agreement. The foregoing sum is in full satisfaction of any and all claims that Plaintiff Letitia Biggs could have alleged regarding her employment and separation of employment. The settlement

2

check shall be made payable to "Advocates for Justice, Chartered Attorneys, as Attorneys for Letitia Biggs," and mailed to Advocates for Justice, Chartered Attorneys, 225 Broadway, Suite 1902, New York, New York 10007, c/o Arthur Z. Schwartz.

3.     In full satisfaction of all claims that were or could have been raised by Plaintiff Jamella Washington in this action, including claims for emotional distress damages, costs, expenses, and attorneys' fees, the City, on behalf of MetroPlus, shall make a payment to Advocates for Justice, Chartered Attorneys, as attorneys for Jamella Washington the single total gross sum of seventy-five thousand dollars ($75,000.00).  Said payment shall be made within 30 days of this Agreement. The foregoing sum in full satisfaction of any and all claims that Plaintiff Washington could have alleged regarding her employment and separation of employment.  The settlement check shall be made payable to "Advocates for Justice, Chartered Attorneys as Attorneys for Jamella Washington," and mailed to Advocates for Justice, Chartered Attorneys, 225 Broadway, Suite 1902, New York, New York 10007, c/o Arthur Z. Schwartz.

4.     In full satisfaction of all claims that were or could have been raised by Plaintiff Judy Wilson in this, including claims for emotional distress damages, costs, expenses, and attorneys' fees, the City, on behalf of MetroPlus, shall make a payment to Advocates for Justice, Chartered Attorneys, as attorneys for Judy Wilson the single total gross sum of twenty thousand dollars ($20,000.00). Said payment shall be made within 30 days of this Agreement. The foregoing sum is inclusive of any and all claims that Plaintiff Wilson could have alleged regarding her employment. The settlement check shall be made payable to "Advocates for Justice, Chartered Attorneys, as Attorneys for Judy Wilson," and mailed to Advocates for Justice, 225 Broadway, Suite 1902, New York, New York 10007, c/o Arthur Z. Schwartz.

5.      MetroPlus shall internally change Plaintiff Washington's probationary discontinuance to a resignation. That resignation shall be irrevocable. Plaintiff Washington shall not to seek, apply, or accept employment with the New York City Health and Hospitals Corporation, doing business as NYC Health + Hospitals ("Health + Hospitals"), or employment or assignment to any of Health and Hospitals' subsidiaries or affiliates, including, but not limited to, MetroPlus. In the event that Plaintiff is offered and/or accepts employment with Health and Hospitals at a Health + Hospitals facility, Plaintiff can be summarily terminated without further review or process. Further, in the event that Plaintiff Washington is assigned to a Health + Hospitals facility through an agency or affiliate of HHC, Plaintiff Washington can be advised that she is not eligible for such an assignment. No further review or process of this disclosure is available.

6.      MetroPlus shall close Plaintiff Wilson's disciplinary case, Case No. 2023-23, and to mark the corresponding disciplinary charges as "settled, no penalty or findings," meaning that the disciplinary case may not be used against Plaintiff Wilson in any future disciplinary case, if any.

7.      If any prospective employer inquires of MetroPlus about the employment of Biggs or Washington, that inquiry will be responded to with only the dates of employment. A note to this effect shall; be placed in Plaintiff Biggs' and Washington's personnel file, and the Human Resources Department will be specifically instructed in this respect. A violation of this provision will be considered a substantial violation of this agreement.

8.      MetroPlus further shall release Plaintiffs from any or all claims which it has had or may have against the Plaintiffs.

9.      In consideration for the actions set forth in paragraphs "2," "3," "4," "5," "6,", "7," "8,"and "9," which are in full satisfaction of any and all claims that were or could have been raised in this action by Plaintiffs, Plaintiffs shall sign a General Release releasing Defendant MetroPlus, Simran Kaur, Jane Roe, Health + Hospitals, the City, all present or former officials, officers, employees, representatives, insurers, affiliates, affiliate employees, or agents of Defendant, and/or Health + Hospitals, and/or the City, any or all of them, and their successors and/or assigns (collectively, the "Released Parties") from any and all claims, liabilities, and/or causes of action that Plaintiffs have or may have against any or all of the Released Parties based on any act, omission, event, or occurrence occurring from the beginning of the world up through and including the date hereof, whether known or unknown, including, without limitation, any and all claims, liabilities, and/or causes of action that were or could have been alleged by Plaintiffs in this action, including all claims for costs, expenses, and attorneys' fees.  The Settlement Amounts set forth in paragraphs "2," "3," and "4" above reflects the entire amount to be paid to Plaintiffs in consideration of this Release, including, but not limited to, any costs, expenses, or attorneys' fees, and Plaintiffs shall have no rights to any additional amounts from Defendant.

10.      Plaintiffs shall execute and deliver to Defendant's attorney all documents necessary to effect this settlement, including, without limitation: a Stipulation of Voluntary Dismissal with Prejudice, in the form annexed hereto as Exhibit "A, three Waivers and General Releases, in the forms annexed hereto as Exhibit "B," three Affidavits Concerning Liens, in the forms annexed hereto as Exhibit "C," and four City of New York Substitute Form W-9s, a copy of which is annexed hereto as Exhibit "D": one executed by each Plaintiff and the fourth executed by Plaintiffs' attorneys, Advocates for Justice Chartered Attorneys.

11.     Nothing contained in this Order or in the Waivers and General Releases shall be deemed to be an admission by Defendant MetroPlus, Simran Kaur, Jane Rode, Health + Hospitals, the City, or any of the present or former officials, employees, representatives, affiliates, affiliate employees, and agents of Defendant, and/or Health + Hospitals, and/or the City, or any or all of the Released Parties, of the truth of any of the allegations contained in the Complaint, First Amended Complaint, or Second Amended Complaint, or an admission that Defendant, Simran Kaur, Health + Hospitals, the City, or any of the present or former officials, employees, representatives, affiliates, affiliate employees, and agents of Defendant MetroPlus, and/or Health + Hospitals, and/or the City, or any of the Released Parties, have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City, or Defendant, or any other rules, regulations, or bylaws of Defendant, and/or Health + Hospitals, and/or the City.

12.     Nothing contained in this Order shall be deemed to constitute a policy or practice of Defendant, Health + Hospitals, the City, or any or all of the Released Parties, or any or all of them: and

**THE COURT FURTHER FINDS**

a) that Plaintiffs have read this  Order and the General Releases, know their contents, and understand their terms and provisions, and that have agreed to the terms of this Order voluntarily:

b)   that Plaintiffs have consulted with their attorney, Arthur Z. Schwartz of Advocates for Justice Chartered Attorneys, prior to agreeing to the terms of this Order

c)  that Plaintiffs and Defendant represent that they have acknowledged that the terms of this

settlement are fair and reasonable under all the circumstances

Dated: January    , 2025

_____
Hon. Dale Ho
 United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LETITIA  BIGGS,  JAMELLA  WASHINGTON,  and
JUDY WILSON,

                                        Plaintiffs,

               -against-

METROPLUS HEALTH PLAN, INC., SIMRAN KAUR,
and JANE ROE,[1]

                                     Defendants.
-------------------------------------------------------------------- x

**STIPULATION OF
VOLUNTARY DISMISSAL
WITH PREJUDICE**

Case No. 1:22-CV-10939-DEH

       **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties as

represented below, that, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure,

the above-captioned action is hereby withdrawn, discontinued, and dismissed, with prejudice, and

without any costs, fees, or disbursements to any party.

       **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed

in counterparts and that faxed or electronic signatures shall be deemed original signatures.

Dated: New York, New York
      December 23, 2024

**ARTHUR Z. SCHWARTZ**
Advocates for Justice
*Counsel for Plaintiffs*
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@advocatesny.com

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Counsel for Defendants*
100 Church Street, Room 2-104
New York, New York 10007
(212) 356-0839
zellis@law.nyc.gov

By: _____
      Arthur Z. Schwartz

By: _____
      Zachary T. Ellis
      Assistant Corporation Counsel

---

[1]   Defendant Jane Roe is an unserved and unnamed "John Doe" defendant, and no appearance
has been entered on behalf of Defendant Roe in this case.

# EXHIBIT B

## WAIVER AND GENERAL RELEASE

**KNOW THAT I, LETITIA BIGGS**, a Plaintiff in the action entitled *Biggs*, et al. *v. MetroPlus Health Plan, Inc.*, et al., Case No. 1:22-CV-10939-DEH, brought in the United States District Court, Southern District of New York ("the Action"), in consideration of the payment to me by the City of New York ("City"), on behalf of MetroPlus Health Plan, Inc. ("Defendant"), of seventy-five thousand dollars ($75,000.00), which payment is specifically inclusive of all claims for emotional distress, attorneys' fees, costs, expenses, and disbursements in the Action, do hereby release and discharge Defendant, Simran Kaur, and Jane Roe, the New York City Health and Hospitals Corporation, doing business as NYC Health + Hospitals ("Health + Hospitals"), and the City, their successors and/or assigns, and all present or former officials, officers, employees, representatives, insurers, affiliates, affiliate employees, and agents of Defendant, and/or Health + Hospitals, and/or the City, and their successors and/or assigns (collectively, the "Released Parties"), from any and all claims, liabilities, and/or causes of action that I have or may have against any or all of the Released Parties based on any act, omission, event, or occurrence occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims that were or could have been alleged by me in the Action, including all claims for attorneys' fees and costs.

By executing this Waiver and General Release, I acknowledge and agree that: (i) I have carefully read this Waiver and General Release and that I enter into the same voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this Waiver and General Release and have done so; and (iii) I have signed this Waiver and General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

I acknowledge and agree, in accordance with the Older Workers Benefit Protection Act, 29 U.S.C. §§ 621 *et seq.*, that: (i) I have carefully read this General Release and that I enter into this General Release voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this General Release; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this General Release; (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"), that this General Release will not be effective and enforceable until the Revocation Period has expired, that such revocation shall only be effective if an originally executed written notice of revocation is delivered to Defendant's counsel on or before 5:00 p.m. on the seventh day after execution of this General Release, and that, if so revoked, this General Release shall be deemed to be void ab initio and have no force or effect; and (v) I have signed this General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

This General Release may not be changed, modified, or revoked orally.

**THE UNDERSIGNED HAS READ THE FOREGOING WAIVER AND GENERAL RELEASE, FULLY UNDERSTANDS IT, AND AGREES TO ITS TERMS.**

**IN WITNESS THEREOF,** I have executed this Waiver and General Release this _____ day of _____, 202___.

_____
**LETITIA BIGGS**

On the _____ day of _____, 202___, to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND GENERAL RELEASE, and duly acknowledged to me that she executed the same.

_____
**NOTARY PUBLIC**

2

## <u>WAIVER AND GENERAL RELEASE</u>

**KNOW THAT I, JAMELLA WASHINGTON**, a Plaintiff in the action entitled *Biggs,*
*et al. v. MetroPlus Health Plan, Inc.*, et al., Case No. 1:22-CV-10939-DEH, brought in the United
States District Court, Southern District of New York ("the Action"), in consideration of the
payment to me by the City of New York ("City"), on behalf of MetroPlus Health Plan, Inc.
("Defendant"), of seventy-five thousand dollars ($75,000.00), which payment is specifically
inclusive of all emotional distress damages, attorneys' fees, costs, expenses, and disbursements in
the Action, and in further consideration of the conversion of my probationary discontinuance to an
irrevocable resignation, do hereby release and discharge Defendant, Simran Kaur, and Jane Roe,
the New York City Health and Hospitals Corporation, doing business as NYC Health + Hospitals
("Health + Hospitals"), and the City, their successors and/or assigns, and all present or former
officials, officers, employees, representatives, insurers, affiliates, affiliate employees, and agents
of Defendant, and/or Health + Hospitals, and/or the City, and their successors and/or assigns
(collectively, the "Released Parties"), from any and all claims, liabilities, and/or causes of action
that I have or may have against any or all of the Released Parties based on any act, omission, event,
or occurrence occurring from the beginning of the world up through and including the date hereof,
including, without limitation, any and all claims that were or could have been alleged by me in the
Action, including all claims for attorneys' fees and costs.

By executing this Waiver and General Release, I acknowledge and agree that: (i) I have
carefully read this Waiver and General Release and that I enter into the same voluntarily and with
full understanding and knowledge of its consequences; (ii) I have been advised to consult with an
attorney prior to signing this Waiver and General Release and have done so; and (iii) I have signed
this Waiver and General Release voluntarily, without duress, coercion, or undue influence and
with full understanding and knowledge of its consequences.

I acknowledge and agree, in accordance with the Older Workers Benefit Protection Act, 29 U.S.C. §§ 621 *et seq.*, that: (i) I have carefully read this General Release and that I enter into this General Release voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this General Release; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this General Release; (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"), that this General Release will not be effective and enforceable until the Revocation Period has expired, that such revocation shall only be effective if an originally executed written notice of revocation is delivered to Defendant's counsel on or before 5:00 p.m. on the seventh day after execution of this General Release, and that, if so revoked, this General Release shall be deemed to be void ab initio and have no force or effect; and (v) I have signed this General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

This General Release may not be changed, modified, or revoked orally.

**THE UNDERSIGNED HAS READ THE FOREGOING WAIVER AND GENERAL RELEASE, FULLY UNDERSTANDS IT, AND AGREES TO ITS TERMS.**

**IN WITNESS THEREOF,** I have executed this Waiver and General Release this _____ day of _____, 202____.


_____
**JAMELLA WASHINGTON**


On the _____ day of _____, 202____, to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND GENERAL RELEASE, and duly acknowledged to me that she executed the same.


_____
**NOTARY PUBLIC**

2

## WAIVER AND GENERAL RELEASE

**KNOW THAT I, JUDY WILSON**, a Plaintiff in the action entitled *Biggs*, et al. *v. MetroPlus Health Plan, Inc.*, et al., Case No. 1:22-CV-10939-DEH, brought in the United States District Court, Southern District of New York ("the Action"), in consideration of the payment to me by the City of New York ("City"), on behalf of MetroPlus Health Plan, Inc. ("Defendant"), of twenty thousand dollars ($20,000.00), which payment is specifically inclusive of all emotional distress damages, attorneys' fees, costs, expenses, and disbursements in the Action, and in further consideration of the closing of my disciplinary case, Case No. 2023-23, and the marking of the corresponding disciplinary charges as "settled, no penalty or findings," do hereby release and discharge Defendant, Simran Kaur, and Jane Roe, the New York City Health and Hospitals Corporation, doing business as NYC Health + Hospitals ("Health + Hospitals"), and the City, their successors and/or assigns, and all present or former officials, officers, employees, representatives, insurers, affiliates, affiliate employees, and agents of Defendant, and/or Health + Hospitals, and/or the City, and their successors and/or assigns (collectively, the "Released Parties"), from any and all claims, liabilities, and/or causes of action that I have or may have against any or all of the Released Parties based on any act, omission, event, or occurrence occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims that were or could have been alleged by me in the Action, including all claims for attorneys' fees and costs.

By executing this Waiver and General Release, I acknowledge and agree that: (i) I have carefully read this Waiver and General Release and that I enter into the same voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this Waiver and General Release and have done so; and (iii) I have signed

this Waiver and General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

I acknowledge and agree, in accordance with the Older Workers Benefit Protection Act, 29 U.S.C. §§ 621 *et seq.*, that: (i) I have carefully read this General Release and that I enter into this General Release voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised to consult with an attorney prior to signing this General Release; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this General Release; (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"), that this General Release will not be effective and enforceable until the Revocation Period has expired, that such revocation shall only be effective if an originally executed written notice of revocation is delivered to Defendant's counsel on or before 5:00 p.m. on the seventh day after execution of this General Release, and that, if so revoked, this General Release shall be deemed to be void ab initio and have no force or effect; and (v) I have signed this General Release voluntarily, without duress, coercion, or undue influence and with full understanding and knowledge of its consequences.

This General Release may not be changed, modified, or revoked orally.

**THE UNDERSIGNED HAS READ THE FOREGOING WAIVER AND GENERAL RELEASE, FULLY UNDERSTANDS IT, AND AGREES TO ITS TERMS.**

**[The rest of this page has intentionally been left blank.]**

**IN WITNESS THEREOF,** I have executed this Waiver and General Release this _____ day of _____, 202___.


_____
**JUDY WILSON**


On the _____ day of _____, 202___, to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND GENERAL RELEASE, and duly acknowledged to me that she executed the same.


_____
**NOTARY  PUBLIC**

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
LETITIA  BIGGS,  JAMELLA  WASHINGTON,  and
JUDY WILSON,

                                                    Plaintiffs,

                          -against-

METROPLUS HEALTH PLAN, INC., SIMRAN KAUR,
and JANE ROE,

                                                    Defendants.
------------------------------------------------------------------------ x

**AFFIDAVIT
CONCERNING LIENS**

Case No. 1:22-CV-10939-DEH

STATE OF  _____     }
                                                  }     ss
COUNTY OF _____       }

**LETITIA BIGGS,** being duly sworn, deposes and says:

1.      I am over eighteen years of age, am the Plaintiff herein, and make this Affidavit in

connection  with  the  settlement  of  this  action  My  home  address  is

_____ .    My  date  of  birth  is

_____ . My Social Security number is _____ .

2.      The City of New York has no outstanding bills or liens against me or my property

for treatment received at a New York City Health and Hospitals Corporation facility, nor for the

receipt of Workers' Compensation or New York State Disability Benefits in relation to any of the

events underlying this action.

3.      The City of New York has no outstanding bills or liens against me or my property

for obligations owed for Parking Violations.

4.      I  have  never  been  a  recipient  of  public  assistance  from  the  New  York  City

Department of Social Services.  I do not owe child support.

5.      No tax obligation or judgment is owed by me to the City of New York.

_____

**LETITIA BIGGS**


On the _____ day of _____, 202___, to me known, and known to me to be the individual described in, and who executed the foregoing AFFIDAVIT CONCERNING LIENS, and duly acknowledged to me that she executed the same.


_____

**NOTARY  PUBLIC**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LETITIA BIGGS, JAMELLA WASHINGTON, and
JUDY WILSON,

                              Plaintiffs,

                -against-

METROPLUS HEALTH PLAN, INC., SIMRAN KAUR,
and JANE ROE,

                              Defendants.
------------------------------------------------------------------- x

**AFFIDAVIT
CONCERNING LIENS**

Case No. 1:22-CV-10939-DEH

STATE OF    _____ }
                             }    ss
COUNTY OF _____ }

**JAMELLA WASHINGTON,** being duly sworn, deposes and says:

1.      I am over eighteen years of age, am the Plaintiff herein, and make this Affidavit in connection with the settlement of this action. My home address is _____ . My date of birth is _____ . My Social Security number is _____ .

2.      The City of New York has no outstanding bills or liens against me or my property for treatment received at a New York City Health and Hospitals Corporation facility, nor for the receipt of Workers' Compensation or New York State Disability Benefits in relation to any of the events underlying this action.

3.      The City of New York has no outstanding bills or liens against me or my property for obligations owed for Parking Violations.

4.      I have never been a recipient of public assistance from the New York City Department of Social Services. I do not owe child support.

5.      No tax obligation or judgment is owed by me to the City of New York.

_____

**JAMELLA WASHINGTON**


On the _____ day of _____, 202___, to me known, and known to me to be the individual described in, and who executed the foregoing AFFIDAVIT CONCERNING LIENS, and duly acknowledged to me that she executed the same.


_____

**NOTARY  PUBLIC**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LETITIA BIGGS, JAMELLA WASHINGTON, and
JUDY WILSON,

                              Plaintiffs,

              -against-

METROPLUS HEALTH PLAN, INC., SIMRAN KAUR,
and JANE ROE,

                             Defendants.
------------------------------------------------------------------- x

**AFFIDAVIT
CONCERNING LIENS**

Case No. 1:22-CV-10939-DEH

STATE OF    _____ }
                           }   ss
COUNTY OF _____ }

**JUDY WILSON,** being duly sworn, deposes and says:

      1.    I am over eighteen years of age, am the Plaintiff herein, and make this Affidavit in connection with the settlement of this action. My home address is _____. My date of birth is _____. My Social Security number is _____.

      2.    The City of New York has no outstanding bills or liens against me or my property for treatment received at a New York City Health and Hospitals Corporation facility, nor for the receipt of Workers' Compensation or New York State Disability Benefits in relation to any of the events underlying this action.

      3.    The City of New York has no outstanding bills or liens against me or my property for obligations owed for Parking Violations.

      4.    I have never been a recipient of public assistance from the New York City Department of Social Services. I do not owe child support.

      5.    No tax obligation or judgment is owed by me to the City of New York.

_____
**JUDY WILSON**


On the _____ day of _____, 202___, to me known, and known to me to be the individual described in, and who executed the foregoing AFFIDAVIT CONCERNING LIENS, and duly acknowledged to me that she executed the same.


_____
**NOTARY  PUBLIC**

2

# EXHIBIT D